IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 05-cv-1298-LTB-OES

DSK PRODUCE SALES, INC., a California Corporation,

        Plaintiff,

v.

BRIGHTSTAR FOODS, INC., a Colorado Corporation
JOHN J. ARTIANO,
ALLEN SELLMAN, a/k/a AL SEL

        Defendants.
_____

**PRELIMINARY INJUNCTION ORDER**
_____

        This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

        In this case, it clearly appears from the stipulated facts that Plaintiff, DSK Produce Sales, Inc., ("DSK") is a produce dealer and trust creditor of Defendant, Brightstar Foods, Inc. ("Brightstar"), under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c), and has not been paid for produce in an amount claimed by plaintiff to total $212,474.85 supplied to said Defendant as required by PACA.  It is also clear from the same stipulated facts that said Defendant is in severe financial jeopardy and the PACA trust assets have been, are being and are threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990)) and that said Defendant is not in a position to pay creditor's claim. (See JSG Trading Corp. v. Tray Wrap, Inc., 917 F.2d 75 (2d Cir. 1990)), thereby warranting the relief requested by Plaintiff.

The Court therefore concludes that Plaintiff will suffer immediate and irreparable injury due to said Defendant's dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief. Therefore, the Court concludes that a Preliminary Injunction should be issued.

Based on the foregoing, the Court finds and concludes that Plaintiff has a substantial likelihood of success on the merits of its PACA claim, that Plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust assets unless this preliminary injunction is granted, that such injury outweighs any harm this preliminary injunction will cause Defendant, and that a preliminary injunction is in the public interest.

Findings and conclusions entered upon the record are incorporated into this Order.

Therefore, it is by the United States District Court for the District of Colorado

**ORDERED:**

1. Defendant Brightstar Foods, Inc. ("Brightstar"), its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant, including John J. Artiano and Allen Sellman a/k/a Al Sel, are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of Plaintiff, or until further order of this Court. Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of Brightstar unless Brightstar can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables o proceeds from the sale of sch commodities or products. Provided, however, Brightstar may sell perishable agricultural

commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Brightstar maintains the proceeds of such sale subject to this Order.

2.   This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3.   The $212,474.85 in PACA trust assets belonging to Plaintiff and in possession of the Defendant will serve as Plaintiff's security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure. An additional bond of $40,000 must be provided.

4.   Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with a copy of this Order.

**DONE and ORDERED,** this   25th   day of July, 2005 at Denver, Colorado.

      s/Lewis T. Babcock
      LEWIS T. BABCOCK, Chief Judge